IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

FILED
JAN 2 2 2020
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20- 10005 |
| | ) VIO: Title 18, United States |
| | ) Code, Sections 1341, 1343, |
| CAROL BABBITT, | ) 1956(a)(1)(B)(i), and 1957. |
| | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE - FIVE
### (Mail Fraud)

### Introduction

At all times relevant to the indictment:

1. Project Linus was a not-for-profit organization founded in 1995 whose mission was to provide handmade blankets to children who were seriously ill, traumatized, and otherwise in need.

2. Project Linus accepted monetary donations, as well as materials needed to make blankets. Monetary donations were used to reimburse volunteers for materials acquired to make the blankets and to cover other expenses of the organization.

1

3. Project Linus was a 100% volunteer organization and continued as such until 2008, when the Board of Directors approved a salary for the National President of Project Linus.

4. Project Linus Chapter Coordinators served as representatives of Project Linus in a given area and were responsible for all administrative duties pertaining to their chapter. Chapter coordinators were required to submit accurate and timely quarterly reports of chapter activity, as well as annual reports.

5. Chapter coordinators mailed monetary donations collected to Project Linus National Headquarters in McLean County, along with an Expense and Donation Report. Project Linus National Headquarters retained 20 percent of all donations for support of all chapters.

6. CAROL BABBITT started as a chapter coordinator with Project Linus in 1998 and served as the National President from 2000 to 2016.

## Scheme to Defraud

7. Starting at least as early as 2010 and continuing to in or about 2016, CAROL BABBITT (hereafter, "BABBITT") engaged in a scheme and artifice to defraud Project Linus, its volunteers, contributors, the State of Illinois, and others and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

8. It was a part of the scheme and artifice to defraud that BABBITT controlled Project Linus operations. BABBITT controlled all bank accounts, maintained the QuickBooks, completed quarterly payroll tax filings, and provided records to an independent accountant for preparation of the annual audit report.

9. It was further a part of the scheme and artifice to defraud that BABBITT, without authorization, used Project Linus credit cards to pay personal expenses of herself, family members, and others. Among other expenditures, BABBITT used and allowed the use of the Project Linus credit cards to pay for clothing, electronics, pet grooming, furniture, tickets for sporting events, and personal travel.

10. It was further a part of the scheme and artifice to defraud that after using the credit cards, BABBITT used funds from the Project Linus operating account to make the credit card payments.

11. It was further a part of the scheme and artifice to defraud that BABBITT falsely classified the personal expenditures in the Project Linus ledgers so as to hide her personal use of Project Linus funds.

12. It was further a part of the scheme and artifice to defraud that even after the Board approved a management salary, BABBITT took funds which were beyond the amount authorized by the Board.

13. It was further a part of the scheme and artifice to defraud that at various times BABBITT represented that Project Linus: (1) was in an extremely poor financial condition, (2) that because of Project Linus's financial condition, others could not be reimbursed for expenses, and (3) that if Project Linus did not have sufficient funds, she would take a pay cut or not take a salary at all. Despite those representations, BABBITT took funds from Project Linus and converted them to her own personal use and benefit.

14. It was further a part of the scheme and artifice to defraud that, when the Board of Directors questioned her about the use of the Project Linus credit cards, BABBITT falsely stated that she was repaying Project Linus for her credit card purchases through payroll deductions. What BABBITT did not disclose was that she made those credit card payments after taking more money as her salary, resulting in Project Linus repaying itself.

15. It was further a part of the scheme and artifice to defraud that BABBITT filed false and fraudulent personal tax returns with the State of Illinois, failing to report the funds she stole from Project Linus.

16. As a result of the scheme and artifice to defraud, BABBITT defrauded Project Linus, its volunteers, contributors, the State of Illinois, and others of over $400,000.

## Mailings

1. On or about the below-listed dates, at McLean County, in the Central District of Illinois and elsewhere, the defendant,

CAROL BABBITT,

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, the below-identified mail matter:

| Count | Date | Mail Matter | Addressee |
|---|---|---|---|
| 1 | 3/2/15 | Coordinator Report and Checks | PLHQ P.O. Box 5621 Bloomington, IL 61702-5621 |
| 2 | 4/2/15 | Coordinator Report and Checks | PLHQ P.O. Box 5621 Bloomington, IL 61702-5621 |
| 3 | 12/4/15 | Coordinator Report and Checks | PLHQ P.O. Box 5621 Bloomington, IL 61702-5621 |
| 4 | 1/15/16 | Coordinator Report and Checks | PLHQ P.O. Box 5621 Bloomington, IL 61702-5621 |

| | | | |
|---|---|---|---|
| 5 | 10/19/16 | IL Tax Return | IL Department of Revenue Springfield, IL 62726-0001 |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS SIX - THIRTEEN
### (Wire Fraud)

1. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs 1-16 of Counts 1-5 as if fully set forth herein.

### Wire Communications

2. On or about the dates set forth below, in the Central District of Illinois and elsewhere, the defendant,

### CAROL BABBITT,

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, that being the wire transfer of funds by Visa Credit Card, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 6 | 3/12/15 | Wire transfer of $454.88 to Von Maur for clothing |
| 7 | 4/20/15 | Wire transfer of $110.00 to Paradise Pet Hotel & Day Spa for pet grooming |
| 8 | 4/27/15 | Wire transfer of $401.90 to Nord Outdoor Power for mower |

7

| | | |
|---|---|---|
| 9 | 5/11/15 | Wire transfer of $310.84 to Ulta for cosmetics |
| 10 | 5/22/15 | Wire transfer of $691.05 to Growing Grounds Showplace Home for outdoor furniture and plants |
| 11 | 12/14/15 | Wire transfer of $435.56 to StubHub for Chicago Blackhawks tickets |
| 12 | 5/31/16 | Wire transfer of $491.56 to Von Maur for clothing |
| 13 | 7/28/16 | Wire transfer of $779.75 to Tuffy for repairs to Chevrolet Trailblazer |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS FOURTEEN-SEVENTEEN
(Money Laundering)

On or about the below-listed dates, at McLean County in the Central District of Illinois and elsewhere, the defendant,

## CAROL BABBITT,

knowingly conducted and attempted to conduct the following financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date | Transaction |
|---|---|---|
| 14 | 4/17/15 | Transfer of $2,257.25 from Project Linus account at Commerce Bank to PNC Bank to pay for credit card expenditures for, among other things, wedding expenses |

| | | |
|---|---|---|
| 15 | 5/14/15 | Transfer of $2,217.18 from Project Linus account at Commerce Bank to PNC Bank to pay for credit card expenditures for, among other things, a lawn mower, medical expenses, and home utilities |
| 16 | 2/16/16 | Transfer of $2,359.25 from Project Linus account at Commerce Bank to PNC Bank to pay for credit card expenditures for, among other things, concert tickets and veterinary expenses |
| 17 | 6/21/16 | Transfer of $2,507.95 from Project Linus account at Commerce Bank to PNC Bank to pay for credit card expenditures for, among other things, tattoos |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT EIGHTEEN
### (Money Laundering)

On or about May 21, 2015, at McLean County in the Central District of Illinois and elsewhere,

CAROL BABBITT,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of $13,548.61 in funds, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957.

A True Bill,

s/Foreperson

Foreperson

s/Darilynn Knauss

JOHN C. MILHISER
UNITED STATES ATTORNEY
DJK/bg